Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

Civil Division

Kelvin Sutton

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Dr. Paul Noel, and PADOC

Dr. Haresh Pandya

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.     1:19-CV-2080

*(to be filled in by the Clerk's Office)*

FILED
SCRANTON

DEC 05 2019

PER _____

DEPUTY CLERK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name _____ Kelvin Sutter

All other names by which

you have been known: _____ CK4013

ID Number _____ SCI Frackville

Current Institution _____ 1111 Altamont Blvd

Address _____ Frackville PA   17931

    City          State          Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name _____ Dr. Paul Noel

Job or Title *(if known)* _____ Bureau of Health Care Service

Shield Number _____ Director / Chief

Employer _____ PA DOC

Address _____ 1920 Technology PKWY

Mechanicsburg   PA   17050

    City          State          Zip Code

☒ Individual capacity   ☒ Official capacity

Defendant No. 2

Name _____ Dr. Haresh Pandya

Job or Title *(if known)* _____ Medical Director   Atty of Record

Shield Number _____   Weber & Gallagher

Employer _____ SCI Frackville   4 PPG Place - 5th Fl

Address _____ 1111 Altamont Blvd   Pgh. PA 15222

Frackville   PA   17931

    City          State          Zip Code

☒ Individual capacity   ☒ Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

    Name              N/A

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

| City | State | Zip Code |
|------|-------|----------|

☐ Individual capacity   ☐ Official capacity

Defendant No. 4

    Name              N/A

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

| City | State | Zip Code |
|------|-------|----------|

☐ Individual capacity   ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

   ☐ Federal officials (a *Bivens* claim)

   ☒ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

       8th Amend. US Const.

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

       N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Failed to treat and care for Patient who has been diagnosed with Serious Medical diease

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

SCI Frackville

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

Seeking Treatment for the Past Five Years

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Defendant Noel is the Chief of Clinical Services for the DOC and has oversite of the delivery of Health care Services and makes decisions concerning which Inmates receive Treatment of the Hep C Medication. Dr. Pandya is the Medical Director @ SCI Frackville and was/is the Physician responsible FoR Plaintiffs Health care.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Pain in my abdomen, Skin Rashes, depression, anxity, liver damage, Eczema, Pruritus, Cirrhosis, and no treatment has been provided.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Jury Trial, compel Defendants to Treat and provide care.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

SCI Frackville

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Failure to provide Treatment and Cure

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose
     concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or
other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

     SCI Frackville

2.   What did you claim in your grievance?

     Denial of Treatment

3.   What was the result, if any?

     "you will be monitored, not sick enough yet.

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If
     not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

     Yes

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

  1.  If there are any reasons why you did not file a grievance, state them here:

      N|A

  2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

      N|A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

      N/A

  *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____N|A_____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____N|A_____

3. Docket or index number
   _____N|A_____

4. Name of Judge assigned to your case
   _____N|A_____

5. Approximate date of filing lawsuit
   _____N|A_____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____N/A_____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____N|A_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

   Yes

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)    Kelvin Sutter

Defendant(s)    Marva Cerullo, et al

2.  Court *(if federal court, name the district; if state court, name the county and State)*

Middle District

3.  Docket or index number

3:10 - CV - 1899

4.  Name of Judge assigned to your case

Hon. Edwin Kosik

5.  Approximate date of filing lawsuit

9.10.10

6.  Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition    4-8-16

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Dismissed/Affirmed

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      12.2-19

Signature of Plaintiff

Printed Name of Plaintiff     Kelvin Sutton

Prison Identification #        CK 4013

Prison Address        1111 Altamont Blvd

Frackville          PA          17931
City          State          Zip Code

### B.   For Attorneys

Date of signing:      N/A

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City          State          Zip Code

Telephone Number

E-mail Address

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA**

FILED
SCRANTON

DEC 05 2019

**Civil Action**

PER _____ BF _____
DEPUTY CLERK

Kelvin SUTTON,
    **Plaintiff**

    -Vs-

Dr. Paul Noel, Pennsylvania Department of
Corrections, Bureau of Health Care Services and
Dr. Haresh Pandya, Treating Physician/Medical
Director at S.C.I. Frackville, et al.,
    **Defendants**

    :
: **Case No.**
: _1:19-CV-2080_
:
: **JURY TRIAL DEMAND**
:
:
:
:
:

## COMPLAINT

## JURISDICTION

1. This is an Action for monetary relief for Violations of the Eighth and Fourteenth
Amendments of the United States Constitution pursuant to 42 U.S.C. Subsection 1983, and
Pennsylvania Law prohibiting Medical Malpractice.

2. This Court has Jurisdiction pursuant to 28 U.S.C. SS 1331(A)(3) and (4), and it also has
Supplemental Jurisdiction under 28 U.S.C. SS 1367(a) to adjudicate State Law Claims.

3. This Court is the appropriate venue pursuant to 28 U.S.C. SS 1391 (b)(2) because the events
and omissions giving rise occurred in the Middle District Of Pennsylvania.

## PARTIES

4. Kelvin SUTTON, is a Fifty-eight(58) year old male currently incarcerated in the custody of
the Pennsylvania Department of Corrections(DOC) confined at S.C.I. Frackville, for over ten(10)
years Plaintiff suffered from Chronic Hepatitis C, a Viral Infection of the Liver that caused him
cirrhosis, diminished platelet counts, dermatitis secondary to his Hep C, Fatigue and an elevated

risk of Hepatocellular Carcinoma. More than three(3) years ago Plaintiff requested Treatment with anti-viral medications that would cure his disease, but the Defendants Denied that Treatment, causing Plaintiff's Condition to Worsen and Exposing him to an excessive risk to his future Health.

5. Defendants paul Noel, M.D. is the Chief of Clinical Services for the DOC's Bureau of health Care Services (BHCS). In that capacity, he has oversight over the delivery of Health Care Services Inmates within the DOC. In addition, Dr. Noel sits on the Hepatitis C Protocol and makes decisions concerning which Inmates will receive Hepatitis C Treatment. He is sued in his individual capacity for Damages. At all times relevant hereto Defendant Noel acted under Color of State Law.

6. Defendant Dr. Haresh Pandya is the Treating Physician at SCI frackville. He was the Physician responsible for plaintiff's Health Care. He is sued in his individual capacity for money damages. At all times relevant hereto the Defendant acted under Color of State Law.

## STATEMENT OF FACTS

### Hepatitis C

7. Hepatitis C (HCV) is a Virus that infects cells of the Liver. Approximately 75-85 percent of individuals infected with HCV will develop chronic Hepatitis C, causing progressive inflamation of the liver.[1]

8. Inflamation caused by the Virus can lead to scarring, known as Fibrosis, and extreme scarring, known as Cirrhosis, both of which affect Liver Functioning.

---

[1] Center for Disease Control and Prevention, Hepatitis C FAQ for Health Professional, accessed at: https://www.cdc.gov/hepatitis/hcvfaq.htm.

9. One of the ways Liver Inflammation is measured is on the Metavir Scale. On that Scale FO means no Fibrosis and F4 means Cirrhosis.

10. Chnonic Hepatitis C Patients with any Liver Scarring, i.e. greater that FO are at a greater risk of rapi\ddisease progression.

11. At least twenty percent of Chronic Hepatitis C Patients, and perhaps as high as fifty percent, will develop Cirrhosis.[2]

12. Approximately 11 - 19% of those who develop Cirrhosis will go on to develop Liver Cancer.[3]

13. In the United States, Hepatitis C causes more Deaths than all other Infectious diseases combined.[4]

14. Chronis Hepatis C causes complications outside of the Liver, including Anemia and Diabetes.

15. Between 20 - 40% of Chronic Hepatitis C Patients have Cutaneous (Skin) manifestations from the Disease. Among them are the relatively rare conditions of Lichen Planus and Necrolytic Acral Erythema (NAE), and more common ones such as Psoriasis, Eczema and Pruritus (persistent itching).

16. In or around 2013, New Anti-Viral Drugs became available. These Drugs have a 90-95% Cure Rate and few, if any, side effects. These Drugs, two of which are Harvoni and Sovaldi, have become the Standard of Care in the Medical Community.

---

[2] Cutaneous Manifestations of Hepatitis C, Schwartz, et al., accessed at: https://emedicine.medscape.com/article/1134161-overview#a2.
[3] Id.
[4] Centers for Disease Control and Prevention.(2016, May 4). Hepatitis C Kills More Americans than Any Other Infectious Disease CDC Online Newsroom \ CDC. Accessed at: https://www.cdc.gov/media/releases/2016/p0504-hepc-mortality.html.

17.  Because of the numerous benefits of Early Treatment, the American Association for the Study of Liver Diseases (AASLD), recommends that everyone with Chronic Hepatitis C be Treated with those Anti-Viral Drugs irrespective of the Disease Stage on the Metavir Scale or Prognosis for Progression.

18.  The Center for Disease Control (CDC) has issued its own Guidelines that state that the Guidelines Issued by the AASLD are the Standard of Care for the Treatment of Hepatitis C.

### Hepatitis C and the Policy of the Pennsylvania DOC

19.  The Pennsylvania Department of Corrections (DOC), through its Bureau of Health care Services is charged with delivery of necessary Medical Care to Inmates under the Jurisdiction of the DOC.

20.  There are al least 5,400 Inmate Prisoners under the Jurisdiction of the DOC who have active, i.e. Chronic, Hepatitis C.

21.  In 2013, when the current Anti-Viral Drugs became available, the DOC, through its Bureau of health Care Services and under the Direction of Defendant Noel, ceased Treating all Inamtes in the Custody of the DOC who have Active, i.e. Chronic, Hepatitis C.

22.  This Policy continued under the direction of defendant Noel throughout 2014 and most of 2015.

23.  **In late 2015, Defendant Noel formulated and adapted a Medical Protocol concerning who would be treated and Not Treated with Hepatitis C Anti-Viral Drugs.**

24.  The Hepatitis C Protocol was added as Appendix 16-B tothe Access to Health Care Procedure Manuel of the Department of Corrections and is part of the DOC Policy Statement 13.1.1 entitled "Management and Administration of Health Care".

25.  **Under that Policy, only Inmates with decompensated Cirrhosis with Esophageal**

Varices were authorized to receive the Anti-Viral Drugs.

26. **When the Disease has advanced to decompensated Cirrhosis with Esophageal Varices, a person has already suffered irreversible damage to their Health and is at Grave Risk of Death.**

27. In addition, before the Disease has progressed to that stage, individuals suffering from it have Suffered Irreversible Damage to their Liver, Decreased Liver Function, and are at a significantly Higher Risk of Developing Liver Cancer. Many also Suffer Extra Hepatic Manifestations of the Disease that adversely affect Quality of Life.

28. On August 31, 2016, the Honorable Judge Robert Mariani of the Federal Court for the Middle District of Pennsylvania held that the DOC's Hepatitis C Protocol Constituted Deliberate Indifference to the Serious Medical Needs of Incarcerated Patients with Hepatitis C, because it "fails to provide Treatment for Hepatitis C through the Administration of DAA Medications such as Harvoni, Sovaldi and Viekira Pak until an Inmate. . . has progressed to the Stage of Advanced Compensated Cirrhosis or Early Decompensated Cirrhosis Manifested by Esophageal Varices. The Court found that the interim Hepatitis C Treatment Protocol presents a Conscious Disregard of a Known Risk of Advanced Cirrhosis and Death by Esophageal Hemorrhage." Abu-Jamal v. Wetzel, 2016 WL 4574646, *9 (M.D.Pa.2016).

29. Despite SUTTON's Medical Records indicating that he likely suffered Cirrhosis, he has been Denied Hepatitis C Treatment from 2013 to the Present.

30. The Protocol delegates determinations as to who will be Treated to the Hepatitis C Treatment Committee.

31. Defendant Noel as BHCS Chief and member of the Hep C Treatment Committee is the Principal decision-Maker as to who will or will not receive Treatment for their Hepatisis C.

32. This Policy was adopted and implemented by Defendant Noel even though he knew that denyingTreatment to Inmates who did not fall under the Protocol had no Medical Justification, causes harm to those Inmate's Health and places them at risk of Death.

33. Defendant Noel adopted and implemented this Protocol knowing that the Standard of Care in the Community, as articulated by the AASLD and CDC, is to Treat all who have Chronic Hepatitis C.

43. After Judge Mariani's decision of August 31, 2016, in which he found the DOC's Hepatitis C Protocol Unconstitutional under the Eight Amendment but Denied Relief on procedural grounds, the DOC revised its Protocol.

35. The current Protocol has been adopted as Section 20 of the DOC's 13.2.1 Access to Health Care Procedures Manual.

36. The Policy stil denies Treatment until a Patient has developed Cirrhosis.

37. Although Plaintiff has Cirrhosis, as well as a diminished Platelet Counts (a sign of Disease Progression), he has continously been Denied Treatment under this revised Protocol.

38. On January 3, 3017, Judge Mariani found that the revised Protocol Violated the Eighth Amendment and he Granted plaintiff's injunction for treatment with the direct-acting antiviral medications. Abu-Jamal v. Wetzel, 2017 WL 34700 (M.D.Pa. 2017).

39. This current Protocol remained in effect and is administered and enforced by Defendant Noel and Defendant Pandya as the Doctor at SCI Frackville despite a Federal Court holding it Unconstitutional.

**The Plaintiff's Medical Care**

40. Kelvin Sutton's history in the DOC, extending back more than twenty years, includes extensive documentation of his Chronic Hepatitis C infection.

41. Kelvin Sutton entered DOC Custody in March 1994, and since on or around 2007 he has been noted as having Chronic Hepatitis C.

42. No Treatment has ever been provided.

43. In 2015, SCI Frackville Medical Staff knew that Mr. Sutton's Viral Load exceded over Three Million(3,000.000), but failed to provided any follow-up Care or Treatment.

44. Mr. Sutton's Diagnostic Findings have been repeatedly Noted throughout His Medical Records up to the Present.

45. Diminished Platelet Counts below 140 are a sign of Disease Progression for Hepatitis C Patients.

46. It is especially important to treat Hepatitis C Patients with abnormally Low platelet Counts as they are at greater Risk of Medical Harm, accelerated Disease Progression, Cirrhosis, as well as anemia and Resultant Complications.

47. Mr. Sutton consistetly had Platelet Counts of less than 140, indicating an Abnormally low Level, but received no Care orTreatment, despite this Clear Indication of a need for Treatment, the DOC refused Treatment pursuant to its Hepatitis C Protocol.

48. Mr. Sutton also suffers from Ezcema and Atopic Dermatitis, a common symptom of Hepatitis C.

49. DOC Medical Records for Mr. Sutton indicate that Defendants Noel and Pandya knew that Mr. Sutton suffered from Cirrhosis caused by his worsening Hepatitis C Infection yet they refused to Authorize Treatment.

50. Mr. Sutton requested Score and numbers in December 2018, but the DOC refused, responding that Plaintiff seek information from his Attorney.

51. The Child-Pugh[5] score is Critical, in that it indicates the level of Cirrhosis, as well as a HALT-C score[6] which also indicates Cirrhosis, and on December 18, while being seen by the Medical Director, Nurse Practitioner Nelson Iannuzzi entered the Examination Room and went over the numbers from his head, expressing that he likes to compute them that way and went on to say that my Numbers are around 4 to 5, which indicates the liklihood I have Cirrhosis.

52. With a FIB-4 score of 4, meaning I have at least "advanced Fidrosis."[7]

53. When the DOC issued its first Hepatitis C Protocol to permit Treatment with the New Direct-Acting Antiviral Medications for Hepatitis C, the only Patients Specificly Authorized for Treatment were those with Cirrhosis and Esophagel Varices.

54. The reasoning given by Defendant Pandya for Plaintiff's Non-treatment was that he was "Not Sick Enough."

55. Defendant Noel explicitly Denied Plaintiff Treatment when his case was forwarded to Central Office in 2018.

56. The DOC has not enacted Policies and Protocols requiring that individuals with Chronic Hepatitis C, such as Plaintiff, automatically receive Necessary Treatment.

57. Defendants Noel and Pandya withheld Treatment to Plaintiff, exposing him to Medical Injury and Risk of Further Harm, up to and including Death. Both Defendants knew that Denying Hepatitis C Treatment exposes Patients to Increase Risk of Cirrhosis, Liver Failure, Development of Varices, Circulatory Problems, Anemia, Ascites, Liver Cancer and eventually Death.

---

[5]The Child-Turcotte-Pugh score is a measurement that tracks the severity of Cirrhosis. According to the DOC's Hepatitis C Treatment Protocol, a score of a scale of 5 indicates the Patient has compensated Cirrhosis.

[6]The HALT-C score measures the probability on a scale of 0-100 that a Patient already has Cirrhosis of the Liver.

[7]"[A Fib-4.3.25 would have a 97% specificity and a Positive Predictive Value of 65% for

Advanced Fibrosis." http://www.hepatitisc/clinical-calculators/fib-4.

58. Plaintiff was Denied Medically Necessary Treatment, to wit, the Anti-Viral Medications, due to this Policy and the Actions of the Defendants Noel and Pandya formulating, implementing, and enforcing it.

59. Defendant Pandya knew the necessity of Treating Plaintiff with the New Medications because their efficacy is obvious and Plaintiff already Developed Cirrhosis. He acquiesced in the Policy of the DOC and Defendant Noel in Denying Necessary Medical Care and Treatment to Plaintiff.

60. Defendants Noel and Pandya know through correspondence from Plaintiff, requests made by the Plaintiff, and Plaintiff's own DOC Medical Records, that their refusal to provide Plaintiff with the Anti-Viral Medications caused plaintiff Suffering, Irreversible Damage to his health, and places Plaintiff at increased Risk of Liver Cancer and Death. . Defendants knowingly played with Plaintiff's Health and his Life, putting Plaintiff ar Risk of Dying from Complications of Hepatitis C.

61. Plaintiff never as much received an Asprin for his Hepatitis C, and visited the Hepatitis C Clinic under the Care and Supervision of Dr. Pandya on numerous occasions asking to be Treated for his Hepatitis C.

62. Treatment has been Denied without Medical Reason even though Plaintiff's Medical Records indicate taht Plaintiff has Hepatitis C and Cirrhosis and as such is eligible for Treatment as a matter of DOC Policy.

63. The DOC'S refusals to treat Plaintiff has caused Plaintiff to have ongoing and Irreversible Health Problems.

64. Plaintiff has Liver Damage and Cirrhosis.

65. Plaintiff has Developed a Rash, a common extrhepatic manifestation of Hepatitis C.

66. The decline of Plaintiff's health has caused him pain and suffering.

67. Plaintiff is now at a much Higher Risk of developing Liver Cancer due to his treatment being delayed for more than three(3) years without Medical Justification, allowing the Disease to Progress, placing Plaintiff at a Higher Risk for developing Hepatocellular Carcinoma.

68. Plaintiff will have to live with the Risks associated with Decreased Liver Funcion and the Risk of Liver Cancer for the rest of his life.

69. All of these Injuries and Risks were made substantially worse by the Defendants refusal to Treat Plaintiff for years despite his qualifying for Treatment under the standard of Care for Hepatitis C Treatment.

70. Defendant Pandya and Noel demonostrated Intentional Disregard to Plaintiff's current and future Health by allowing his Hepatitis C Infection to progress and worsen despite a known, safe and effective Cure being Available. Defendants have Exposed Plaintiff to an increased Risk of Liver Cancer and Mortality.

71. In fact, according to Official DOC Death Records obtained via a Right-To-Know request approximately 40 Inmates Died in DOC Custody in 2015 and 2016 from Hepatitis C, Internal Hemorrhage caused by Esophageal Varices, End Stage Liver Disease, or Liver Cancer.

72. Hepatitis C is the Leading Cause of both end-stage Liver Disease and Liver Cancer.

73. These Deaths occurred at a time when the DOC was PROVIDING NO TREATMENT FOR HEPATITIS C to anybody, or else denying it to such an extent that people were left to Die from a Curable Illness.

74. Plaintiff suffered permanent damage to his Health and His Life was put in Danger by the Defendants Failure to provide Medically Necessary Hepatitis Treatment.

75. As the Direct, Proximate, and Factual Result of the Conduct of the defendants, the Plaintiff

has suffered the following Damages:

a) Plaintiff has suffered physically and mentally by being forced to endure a Curable Condition;

b) Plaintiff has fear of cancer and shortened life expectancy;

c) Plaintiff's health may be permanently impaired and he has increased risk of terminal cancer;

d) Plaintiff has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

e) Plaintiff may be required in the future to incur expenses for medical treatment and care, medical supplies, medicines and other attendant services;

f) Plaintiff may sustain a loss in earning capacity;

g) Plaintiff's general health, strength and vitality have been impaired;

h) Plaintiff has been and may in the future be unable to enjoy the various pleasures of life;

i) Plaintiff has in the past, and may continue in the future, to experience severe pain and suffering; and

j) Plaintiff will be required, and may continue in the future, to be treated with various medical providers, physicians, surgeons, nurse practitioners and physical therapists.

## CAUSE OF ACTION

### Count 1 - Deprivation of Eight Amendment Right to Medical Care For Hepatitis C

(Against Defendants Dr. Noel and Dr. Pandya in their individual Capacities

for Moetary Relief.)

76. Plaintiff re-alleges paragraphs 1-75 as if fully stated herein.

77. Defendants Noel and Pandya at SCI Frackville Violated Plaintiff's Eight Amendment Right

to be freee from Cruel and Unusual Punishment through their Deliberate Indifference to Plaintiff's Chronic Hepatitis C. Through Enactment and Enforcement of a Hepatitis C Protocol that Denied Medically Necessary Treatment to Plaintiff. These Defendants Failed to Treat his Chronic Hepatitis C for more than Three years, Exposing Plaintiff to an Excessive Risk and Harm to his Health, Causing Plaintiff Serious Injuries, Pain, Suffering and Risk of Death. Plaintiff's Injuries and Damages were a Direct and Proximate result of the Acts and Omissions of Defendants in the following ways:

    aa.    In Failing to Adapt, Maintain or Follow Policies or Practices with regard to
            Diagnosing, Assessing, Treating or Providing for Medical Care of
            Incarcerated People in DOC Custody;

    bb.    Systemically, Regularly and Continuously Delaying the Proper Treatment of
            Plaintiff's Condition;

    cc.    In Failing to properly Follow Up with Plaintiff in light of his Repeated Medical
            Request, Symptoms and Complaints;

    dd.    In Failing to Give Significance to the Findings and or Diagnoses involved in
            Plaintiff's Care and Treatment;

**Count II - Medical Malpractice for Failure to Treat Plaintiff's Hepatitis C**

78. Plaintiff re-alleges paragraphs 1 - 75 as if fully stated herein.

79. Defendants Noel and Pandya were Negligent in their Handling of Plaintiff's Conditiion as described above and Failed to Provide Medical Care in accordance with the Applicable Standard of Care within the Medical Profession.

80. Defendants Noel and Pandya were Negligent in Assisting the DOC to Develop and Implement a Policy of Treatment at odds with the Reasonable Standard of Medical Care in the

Community.

81. Plaintiff's Injuries, including Decreased Liver unction, Anxiety, Depression, Risk of Cancer, the Conditions listed above and other Symptoms were Directly, Proximately and Factually Caused by the Negligence of Defendants in the Manner Described Above.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Kelvin SUTTON, request that this Honorable Court Grant the Following Relief:

    A.  Award Compensatory and Punitive Damages;

    B.  Award Attorney Fees, Litigation Expenses and Cost;

    C.  Any Further Relief as the Court may Deem Just and Proper.

Respectfully submitted,

Dated:  December 2, 2019

Kelvin SUTTON, Pro Se
#CK 4013 /scifrackville
1111 Altamont Blvd
Frackville, PA 17931



Kelvin Sutton
Reg. No. CK-4013
SCI-Frackville
**SPECIAL MAIL-OPEN ONLY IN THE
PRESENCE THE INMATE**
1111 Altamont Blvd
Frackville, PA 17931

RECEIVED
SCRANTON

DEC 0 5 2019

PER_____ DEPUTY CLERK

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG. & U.S. COURTHOUSE
235 NORTH WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, PA 18501-1148

Time/DATE scanned

Return Copy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF
## PENNSYLVANIA

**FILED
SCRANTON**

**Civil Action**

DEC 0 5 2019

PER_____KF_____
DEPUTY CLERK

Kelvin SUTTON,
    Plaintiff

    -Vs-

Dr. Paul Noel, Pennsylvania Department of
Corrections, Bureau of Health Care Services and
Dr. Haresh Pandya, Treating Physician/Medical
Director at S.C.I. Frackville, et al.,
    Defendants

: **Case No.**
:
:
:
: **JURY TRIAL DEMAND**
:
:
:
:
:
:

### COMPLAINT

### JURISDICTION

1. This is an Action for monetary relief for Violations of the Eighth and Fourteenth
Amendments of the United States Constitution pursuant to 42 U.S.C. Subsection 1983, and
Pennsylvania Law prohibiting Medical Malpractice.

2. This Court has Jurisdiction pursuant to 28 U.S.C. SS 1331(A)(3) and (4), and it also has
Supplemental Jurisdiction under 28 U.S.C. SS 1367(a) to adjudicate State Law Claims.

3. This Court is the appropriate venue pursuant to 28 U.S.C. SS 1391 (b)(2) because the events
and omissions giving rise occurred in the Middle District Of Pennsylvania.

### PARTIES

4. Kelvin SUTTON, is a Fifty-eight(58) year old male currently incarcerated in the custody of
the Pennsylvania Department of Corrections(DOC) confined at S.C.I. Frackville, for over ten(10)
years Plaintiff suffered from Chronic Hepatitis C, a Viral Infection of the Liver that caused him
cirrhosis, diminished platelet counts, dermatitis secondary to his Hep C, Fatigue and an elevated