# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELVIN SUTTON, | : CIVIL ACTION NO. 1:19-CV-2080 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| DR. PAUL NOEL, DR. HARESHA PANDYA, | : |
| Defendants | : |

# MEMORANDUM

Plaintiff Kelvin Sutton ("Sutton"), an inmate who was housed at all relevant times at the State Correctional Institution at Frackville, Pennsylvania ("SCI-Frackville"), commenced this action pursuant to 42 U.S.C. § 1983 alleging that defendants failed to provide medical care for his Hepatitis C. (Doc. 1). Named as defendants are Dr. Paul Noel and Dr. Haresha Pandya. Before the court is defendant Noel's second motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 73). For the reasons set forth below, the court will grant the motion.

I.     **Factual Background & Procedural History**[1]

Hepatitis C is a viral infection that causes inflammation of the liver. See Bush v. Doe (I), 2021 WL 2328347, *1 (3d Cir. June 8, 2021) (nonprecedential) (citing Hepatitis C Fact Sheet, World Health Organization (July 27, 2020), https://www.who.int/news-room/factsheets/detail/hepatitis-c)). Hepatitis C may be described as acute—meaning a new infection, or chronic—meaning a long-term infection. See Hepatitis C Information, Centers for Disease Control (July 28, 2020), https://www.cdc.gov/hepatitis/hcv/index.htm. For most individuals, an acute infection often leads to a chronic infection.[2] Id. If untreated, chronic Hepatitis C can cause liver damage, fibrosis (scarring), cirrhosis (extreme scarring), liver cancer, or death. Id. Thus, the benefit of early treatment of Hepatitis C includes the ability of the body to stave off further liver deterioration. Id.

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from defendant Noel's Rule 56.1 statement of material facts. (Doc. 75). Sutton did not file a response to defendant Noel's statement of material facts. The court accordingly deems the facts set forth by defendant Noel to be undisputed. See LOCAL RULE OF COURT 56.1; see also Doc. 77 ¶ 2 (advising Sutton that failure to file a responsive statement of material facts would result in the facts set forth in defendant's statement of material facts being deemed admitted).

[2] The Centers for Disease Control provides that more than half of the people infected with the Hepatitis C virus will develop a chronic infection. See Hepatitis C Information, Centers for Disease Control (July 28, 2020), https://www.cdc.gov/hepatitis/hcv/index.htm.

Sutton contracted Hepatitis C in 2007, while incarcerated. (Doc. 1 ¶ 41). Sutton's complaint contains two counts. (Doc. 1). Count 1 alleges deliberate indifference relating to treatment for Hepatitis C and count 2 alleges medical malpractice relating to treatment for Hepatitis C. (Doc. 75 ¶¶ 4-5). Sutton did not file a certificate of merit with is complaint or anytime thereafter. (Id. ¶ 6).

Defendant Noel previously filed an answer with defenses and his first motion for summary judgment. (Id. ¶¶ 7-8). On October 19, 2021, the court issued a memorandum and order granting in part and denying in part defendant Noel's first motion for summary judgment. (Id. ¶ 9). The court granted summary judgment on the deliberate indifference claim. (Id. ¶ 10). The court denied summary judgment on the medical malpractice claim based on defense counsel's failure to mail Sutton a notice of intent to dismiss pursuant to Pennsylvania Rule of Civil Procedure 1042.7. (Id. ¶ 11). Defendant Noel was afforded the opportunity to refile for summary judgment upon satisfying the notice requirement regarding the lack of a certificate of merit. (Id.) On October 25, 2021, defendant, through counsel, served Sutton with a Rule 1042.7 notice. (Id. ¶ 12). Sutton has not filed a certificate of merit. (Id. ¶ 13).

Defendant Noel now moves for summary judgment on the medical malpractice claim based on Sutton's failure to file a certificate of merit. (Doc. 73).

Sutton failed to respond to the motion and the time for responding has now passed.[3] Therefore, the motion is deemed unopposed and ripe for resolution.

## II. Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court is to view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

---

[3] Sutton was directed to file a brief in opposition to defendant Noel's motion and was admonished that failure to file an opposition brief would result in defendant Noel's motion being deemed unopposed. (Doc. 77) (citing M.D. PA. LOCAL RULE OF COURT 7.6). (See also Doc. 3, Standing Practice Order in Pro Se Plaintiff Cases, at 2).

**III.  Discussion**

In Pennsylvania, medical negligence, or medical malpractice, is defined as "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003) (citing Hodgson v. Bigelow, 7 A.2d 338 (Pa. 1939)).  The existence of an injury, by itself, does not prove a doctor's negligence. Mitchell v. Shikora, 209 A.3d 307, 315 (Pa. 2019) (citations omitted).  Rather, to establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages.  See Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005) (citing In re TMI, 67 F.3d 1103, 1117 (3d Cir. 1995)).

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff alleging professional negligence to file a certificate of merit within 60 days of filing the complaint.  PA. R. CIV. P. 1042.3.  The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell outside acceptable professional standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's

5

claim to proceed. PA. R. CIV. P. 1042.3(a)(1)-(3). Failure to file a certificate of merit is fatal to a plaintiff's claim. PA. R. CIV. P. 1042.7. The requirements of Rule 1042.3 are substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262-65 (3d Cir. 2011); Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007) (nonprecedential). This requirement applies with equal force to counseled complaints and to *pro se* medical malpractice actions brought under state law. See Hodge v. Dep't of Justice, 372 F. App'x 264, 267 (3d Cir. 2010) (nonprecedential) (affirming district court's dismissal of medical negligence claim for failure to file a certificate of merit).

The Pennsylvania Supreme Court has noted that "[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." Toogood, 824 A.2d at 1145. A very narrow exception applies "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." Hightower-Warren v. Silk, 698 A.2d 52, 54 n.1 (Pa. 1997). However, three conditions must be met before the doctrine of *res ipsa*

*loquitur*[4] may be invoked: "(a) either a lay person is able to determine as a matter of common knowledge, or an expert testifies, that the result which has occurred does not ordinarily occur in the absence of negligence; (b) the agent or instrumentality causing the harm was within the exclusive control of the defendant; and (c) the evidence offered is sufficient to remove the causation question from the realm of conjecture, but not so substantial that it provides a full and complete explanation of the event." Toogood, 824 A.2d at 1149-50.

Defendant Noel seeks summary judgment on Sutton's medical malpractice claim based on his failure to comply with Pennsylvania's certificate of merit requirements and failure to provide expert testimony. We have little difficulty in concluding that Sutton requires expert testimony to establish defendant Noel's negligence in providing medical care for Sutton's Hepatitis C. His claim concerns complex issues relating to the standard of care and causation, which he cannot establish without expert testimony. Toogood, 824 A.2d at 1151. This is not a case where a licensed medical professional's deviation from the standard of care and

---

[4] *Res ipsa loquitur* is a rule of evidence permitting an inference of negligence from the circumstances surrounding the injury. Quinby v. Plumsteadville Family Practice, Inc., 907 A.2d 1061, 1071 (Pa. 2006). The Pennsylvania Supreme Court has adopted *res ipsa loquitur* as articulated in the Restatement (Second) of Torts § 328D. Id. (citation omitted). Under § 328D, it may be inferred that the harm suffered was caused by the negligence of the defendant when: (a) the event is the kind which does not ordinarily occur in the absence of negligence; (b) the evidence sufficiently eliminates other possible causes, including the conduct of the plaintiff and third parties; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff. If the court determines that these prerequisites are met, it is for the jury to determine whether an inference of negligence should be drawn. Toogood, 824 A.2d 1140, 1149-50 (Pa. 2003) (holding that before *res ipsa loquitur* may be invoked, plaintiffs must meet the three § 328D conditions).

that deviation's causation of injury are obvious and within the realm of a layperson. As previously noted, counsel for defendant Noel has now complied with Rule 1042.7 by mailing Sutton "NOTICE OF INTENTION TO SEEK SUMMARY JUDGMENT FOR FAILURE TO FILE A CERTIFICATE OF MERIT WITH WRITTEN STATEMENT." (See Doc. 72).

Sutton's complaint was filed on December 2, 2019. On or before January 31, 2020, Sutton was required to file, in accordance with Pennsylvania Rule 1042.3, a certificate of merit producing expert testimony to opine that defendant Noel deviated from the acceptable professional standard. The record reveals that a certificate of merit was not filed, and Sutton did seek an enlargement of time in which to do so. Nor did Sutton make a substantial effort to comply with the rule or provide a reasonable excuse for failing to do so.

Because Sutton failed to file a certificate of merit to establish the elements of his medical negligence claim, i.e., that defendant Noel breached a duty to provide him with proper medical care for his Hepatitis C by demonstrating that the medical providers did not possess and employ the required skill and knowledge to treat his condition, or failed to exercise the care and judgment of a reasonable medical professional, and that such conduct proximately caused his alleged injuries, defendant Noel is entitled to judgment as a matter of law.

## IV. Conclusion

We will grant defendant Noel's motion (Doc. 73) and enter judgment in his favor. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: June 30, 2022